and Others, Constituting the Board of Police of the City of Buffalo, Respondents.— Order affirmed, without costs.

Nancy McConnell, Respondent, v. The National Life Association of Hartford, Conn., Appellant.— Judgment and order affirmed.

### Motions.

Mary E. Hoefler v. Mary R. Hoefler.— Motion denied, without costs.

Henry M. Davis, Appellant, v. Benjamin Aikin, Respondent.— Motion to amend memorandum decision so as to read " judgment of the County Court reversed and that of the justice affirmed," granted.

Phoeby J. Colby v. Edward J. Colby, by Guardian.— Motion granted.

In the Matter of the Application of the Auburn City Railway Company for the Appointment of Commissioners to Determine whether the Street Railway ought to be Constructed in West Genesee Street in the City of Auburn.— Report of the commissioners confirmed.

## SECOND DEPARTMENT, JUNE TERM, 1895.

James E. Boyd and Others, Respondents, v. Joseph H. Miller and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements.—

PRATT, J.: We think it sufficiently appears that the moving parties have acquired a lien on defendants' property subsequent to the attachment. The affidavit of Matthews states that the sheriff has taken possession of the property of defendants under the attachment and is now in possession thereof, and that the execution of Matthews was thereafter duly issued and levied " on the attached property." That sufficiently describes the property and shows it to be now held subject to the two proceedings. We are thus brought to the question whether the attachment was granted upon sufficient grounds The attachment is stated to issue on the ground that defendants have assigned or disposed of, or are about to assign or dispose of, their property with intent to defraud their creditors. We think that the affidavits contain evidence from which the Special Term judge might fairly draw the inferences necessary to sustain the attachment. The creditor recites his conversations with defendants; their statements and the contradictions of their sister, to whom they claimed to have transferred their assets, are given at length, and we cannot say that the conclusion was unwarranted that defendants intended to transfer their property in fraud of their creditors. Just what had been done, and just what was intended to be done, it might not be easy to determine as the statements made were conflicting, but we think enough appeared to sustain the attachment. Order appealed from affirmed, with costs. Dykman, J., concurred; Brown, P. J., not sitting.

Nason Ice Machine Company, Appellant, v. William L. Hermance, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Dykman, J., not sitting.

In the Matter of Joseph F. Hanley.— Order affirmed, with costs.—

PRATT, J.: The surrogate directs a judicial settlement of the account of Anna T. Murphy as general guardian of Joseph F. Hanley. It is objected to on the ground that in a pending partition suit Joseph F Hanley has pleaded that Anna T. Murphy has collected rents belonging to Hanley for which an account is asked. The pleadings before the surrogate show that the rents are not matters for which an account is claimed. It follows that full relief cannot be given in the partition suit, and the accounting before the surrogate is necessary. Order appealed from affirmed, with costs. Brown, P. J., and Dykman. J., concurred.

Henry W. Cromwell, as Administrator, etc., Respondent, v. Henry Hall, Appellant.— Judgment reversed, with costs.—

BROWN, P. J.: The notice of appeal, not containing any demand for a new trial, raised questions of law only, and it was the respondent's duty, if there was any other evidence than that contained in the appeal book, to have caused such evidence to be inserted in the justice's return. (*Halpin* v. *Phenix Insurance Co.*, 116 N. Y. 165.) The justice's return, however, states that it contains all the testimony given on the trial, and the question presented is whether there is any evidence to support the verdict. The testimony in the justice's return does not show any indebtedness of the defendant to the plaintiff, and it is absolutely impossible on any view of the case to ascertain how the jury arrived at their verdict. The judgment is wholly unsupported by the testimony, and as we cannot, upon the record before us, indulge in any presumption in the respondent's favor, it should be reversed. Dykman and Pratt, JJ., concurred.

Granite State Provident Association, Appellant, v. Michael E. McHugh, Respondent.— Order affirmed, with ten dollars costs and disbursements.—

BROWN, P. J.: This is an appeal from an order resettling a decree of foreclosure. McHugh had a mechanics' lien upon the mortgaged premises, which attached after $10,500 had been advanced on plaintiff's mortgage. After the lien was filed, other advances were made on the mortgage up to $15,000. The court decided that McHugh's lien and his costs must be paid after the plaintiff was paid $10,500 and his costs. By inadvertence he gave an allowance of $200 to the plaintiff. to be paid before McHugh's lien and costs. The decree as resettled corrects this and makes the allowance payable after McHugh is paid. This is right. It was discretionary at all events with the trial court, and the order should be affirmed, with ten dollars costs and disbursements. Dykman and Pratt, JJ., concurred

Catherine Schoonmaker v. Leonard Blass (No. 2).— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

In the Matter of the Application of Augustine R. McDonald for leave to intervene.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

James H. Perkins v. James Gordon Bennett.— Order affirmed, with ten dollars costs and disbursements. No opinion. All concur.

Timothy Gannon v. The County of Queens, etc.— Appeal of Timothy Gannon from judgment entered October twenty-fifth is dismissed, with ten dollars costs.

Joseph Newman, Appellant, v. Ephraim B. Levy and Others, Respondents.— Motion denied.

Charles E. Maxfield, Respondent, v. Oliver L.